IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3029-FL

| | | |
|---|---|---|
| JAMES CRAWFORD CLARK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES E. LANGSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff James Crawford Clark, Jr., filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. The matter also is before the court on plaintiff's motion to appoint counsel (DE # 4) and motion for entry of default (DE # 5). These matters are ripe for adjudication.

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against James E. Langston, Anthony G. Perry, and Darrell Randolph, arguing that defendants denied him access to courts because they failed to transport him to a scheduled court hearing. However, in order to state a claim for denial of access to the courts, the inmate must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Plaintiff has failed to provide enough factual information for the court to conduct frivolity review concerning this claim. Plaintiff may amend his complaint to allege facts to support his claim. See Fed. R. Civ. P. 15(a)(2). In particular, the court seeks information regarding the injury he received as a result of his alleged denial of access to courts.

Following the filing of his complaint, plaintiff filed a motion to appoint counsel. There is no constitutional right to counsel in civil cases, although the Fourth Circuit has held that courts may be required to request counsel for *pro se* litigants in "exceptional circumstances." Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa, 490 U.S. 296, 300 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. (citing Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). This case does not present exceptional circumstances. Thus, plaintiff's motion to appoint counsel is DENIED.

Finally, plaintiff seeks an entry of default on the grounds that defendants have not answered his complaint. Following the court's frivolity review, the Clerk of Court will direct the United States

Marshal's Service to serve defendants on behalf of plaintiff. Because defendants have not been served with the complaint, plaintiff's motion for default is DENIED.

In sum, plaintiff's motion to appoint counsel (DE # 4) and motion for entry of default (DE # 5) are DENIED. Plaintiff is DIRECTED to particularize his complaint. Plaintiff shall have twenty-one (21) days from the date of this order to provide the requested information. Failure to comply with this court's order will result in dismissal of this action without prejudice.

SO ORDERED, this the 13th day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge