IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3029-FL

| | |
|---|---|
| JAMES CRAWFORD CLARK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | ORDER |
| ) | |
| JAMES E. LANGSTON, et al., ) | |
| ) | |
| Defendants. ) | |

The action is before the court on plaintiff's motion to set scheduling order (DE # 18), motion to amend (DE # 21), and motions to compel discovery (DE ## 22, 23). The issues raised in these motions are now ripe for adjudication. For the reasons that follow, each of plaintiff's motions is denied.

A.   Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P 15(a)(2). Plaintiff filed his motion to amend more than twenty-one days after defendants filed their motion to dismiss. Thus, plaintiff must have leave of court to file his amended complaint. "In the absence of

any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's seeks in his proposed amended complaint to add the State of North Carolina as a defendant in this action. However, the State is not a proper party. The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity, or Congress has exercised its power under § 5 of the Fourteenth Amendment of the United States Constitution to override that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon the states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). Therefore, it would be futile to allow plaintiff to amend his complaint because the State of North Carolina is not a proper party to a § 1983 action. Based upon the forgoing, plaintiff's motion to amend (DE # 21) is DENIED as futile.

B. Motions to Compel

In his motions to compel, plaintiff requests that the court enter summary judgment against defendants as a sanction for failing to respond to his discovery requests. However, plaintiff's motions to compel fail to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which require that the movant certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions.

2

Accordingly, plaintiff's motions to compel (DE ## 22, 23) are DENIED as premature, and the court declines to impose any sanctions on defendants.

C.  Motion to Set Scheduling Order

As required by Rule 16(b) of the Federal Rules of Civil Procedure, the court issued a case management order on April 28, 2011. Defendant's motion to set a scheduling order (DE # 18) is therefore DENIED as moot.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

3

Case 5:10-ct-03029-FL   Document 27   Filed 08/18/11   Page 3 of 3