IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3029-FL

| | | |
|---|---|---|
| JAMES CRAWFORD CLARK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES E. LANGSTON; ANTHONY G. PERRY; and DARRELL RANDOLF, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter comes before the court on the motion for summary judgment (DE # 28) pursuant to Federal Rule of Civil Procedure 56 filed by defendants James E. Langston ("Langston"), Anthony G. Perry ("Perry"), and Darrell Randolph ("Randolph"), to which plaintiff responded. Also before the court is plaintiff's motion to appoint counsel (DE # 26). Defendants did not respond to plaintiff's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion and denies plaintiff's motion.

## STATEMENT OF THE CASE

On March 12, 2010, plaintiff brought this action pursuant to 42 U.S.C. § 1983, against Langston, Perry, and Randolph.[1] Plaintiff alleged defendants denied him access to courts because

---

[1] To the extent plaintiff's complaint attempts to allege a claim against the Wake County Correctional Center, such claim is dismissed. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (finding claims filed pursuant to § 1983 must be directed at persons); Preval v. Reno, No. 2000 WL 20591, 203 F.3d 821, **1 (4th Cir. 2000).

they failed to transport him to a scheduled court hearing. Plaintiff also alleged defendants opened his legal mail without his authorization. On October 13, 2010, the court conducted a frivolity review and directed plaintiff to particularize his complaint to state the injury he received from his alleged denial of access to courts. Plaintiff then particularized his complaint. The court conducted a second frivolity review, and allowed plaintiff to proceed with his claims.

On May 11, 2011, plaintiff moved to amend his complaint to include the State of North Carolina as a defendant in this action. The court subsequently denied plaintiff's motion as futile on the grounds that the Eleventh Amendment to the United States Constitution bars suits directly against a state or its agencies.

Plaintiff additionally filed a motion to appoint counsel in this action. Defendants did not respond to plaintiff's motion. However, defendants filed a motion for summary judgment on September 8, 2011, arguing, *inter alia*, that plaintiff's access to courts claim fails to state a valid claim pursuant to 42 U.S.C. § 1983. Alternatively, defendants assert they are entitled to qualified immunity. Plaintiff responded to defendants' motion, arguing that defendants' "blanket denials" are insufficient to support summary judgment.

## STATEMENT OF FACTS

The facts seen in the light most favorable to plaintiff are as follows. On July 15, 2009, plaintiff filed a motion for appropriate relief ("MAR"), in the Clay County Superior Court (the "superior court"), challenging his sentencing level. On September 2, 2009, plaintiff received a notice from the superior court stating that he was required to be present for a September 14, 2009, hearing on his MAR. Plaintiff forwarded this notice to Langston and Perry.

On the date of the hearing, September 14, 2009, Perry contacted the North Carolina

Department of Correction's ("DOC") combined records department to determine whether a writ of habeas corpus ad prosequendum or prosecutor's letter was issued requesting plaintiff's presence in superior court on that day. Perry Aff. ¶ 6. Perry found no such writ. Id. As a result, plaintiff was not transported to superior court for his hearing. Plaintiff subsequently received an order from the MAR court denying his MAR. In particular, the MAR court's order stated:

> The Court having considered the allegations contained in the motion as well as defendant's transcript of guilty plea and the judgment imposed, and the Court finds as a fact that the motion sets forth no probable grounds for the relief as requested, and furthermore is in its entirety frivolous and contains no allegations in law or in fact that supports any of the requests made by the defendant.

DE # 5, Ex. F.

## DISCUSSION

A.  Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*,

this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B. Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

a. Access to Courts Claim

i. Failure to State a Claim

Defendants allege plaintiff's access to courts claim fails to state a claim pursuant to 42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Generally, inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds v. Smith, 430 U.S.

4

817, 825 (1977); see also, Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). However, in order to state a claim for denial of access to the courts, the inmate must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). In Lewis, the Supreme Court held that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis, 518 U.S. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. The Court did not extend the holding to include the right to "litigate effectively once in court." Id. at 354 (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise) (emphasis added).

In this case, plaintiff states defendants' failure to transport him to superior court for his MAR hearing injured him because the superior court denied his MAR. However, the evidence in the record reflects that plaintiff's MAR was denied because it was frivolous, and not because he failed to appear in court. See (DE # 5), Ex. F. Plaintiff has not presented any evidence to demonstrate that his MAR was not frivolous, or that the MAR court would have ruled differently if he was present at the hearing. Because plaintiff has failed to demonstrate that a nonfrivolous legal claim was frustrated or impeded, the court finds that plaintiff has failed to demonstrate an actual injury due to his alleged lack of access to courts. Thus, he fails to state a claim for denial of access to courts.

      b.    Qualified Immunity

5

Alternatively, defendants are entitled to qualified immunity in this action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two--pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged . . . Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194-95, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S.223 (2009). A court has discretion to decide which step of the two--prong test to analyze first. Pearson, 555 U.S. at 242.

Even if plaintiff could state a First Amendment claim for lack of access to courts and could establish an injury, which this court finds he cannot, his claim still fails because reasonable officers in defendants' situation would consider their conduct lawful. In this case, defendants assert they did not act with deliberate indifference in connection to plaintiff's transportation request for September

6

14, 2009, because they were acting pursuant to DOC policy. In particular, DOC's transporting policy requires that transporting officers be provided a writ when transporting inmates to court. See North Carolina Department of Correction Policy and Procedures Chpt. F § .1102(f). The required writ, in the form of a writ of habeas corpus ad prosequendum or prosecutor's letter, may be issued by a District Attorney or Clerk of Court. See id. Chpt. G § .0103(a)(2). The record reflects defendants consulted the DOC's combined records department searching for the required writ, but found none. Perry Aff. ¶ 6. Notably, plaintiff does not assert that any writ was issued to secure his presence in court. Based upon the foregoing, the court finds that a reasonable officer in defendants' situation would have regarded their conduct as lawful, and defendants are entitled to qualified immunity.

        c.      Interference with Legal Mail

Plaintiff alleges defendants tampered with his legal mail. Plaintiff attached a grievance from 2007[2] and a grievance from 2009 in which he claims his legal mail was opened outside of his presence. However, plaintiff's allegations do not allege facts to show that the alleged interference with his legal mail was anything other than two isolated incidents, nearly two years apart. Isolated incidents of mail mishandling do not rise to the level of a constitutional violation. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (finding isolated incidents of opening of legal mail does not state a cognizable § 1983 claim); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."). Thus, plaintiff's allegations do not arise to a constitutional violation.

Plaintiff additionally makes conclusory allegations that defendants tampered with his legal

---

[2] The court notes that plaintiff's claim arising out of the alleged 2007 tampering with legal mail would be time-barred.

mail in 2007 and 2009. However, a complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required). Plaintiff has not provided sufficient factual support for his claim that defendants violated his First Amendment rights by interfering with his legal mail. Furthermore, plaintiff has not alleged any injury as a result of the alleged tampering. Because plaintiff has failed to allege that the alleged tampering with his legal mail caused an actual injury or sufficient factual support for his claim, he fails to state a claim for denial of access to courts.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to appoint counsel (DE # 26) is DENIED. Defendants' motion for summary judgment (DE # 28) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 27 day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge